IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **GABRIEL AKOL KUOL,** | ) | Civil Action No. 7:16cv00320 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| **NADER HASSAN,** | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Plaintiff Gabriel Akol Kuol, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming only his criminal defense attorney as a defendant. Kuol seeks permission to proceed *in forma pauperis* and I will grant his request. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Accordingly, Kuol cannot maintain this action against his criminal defense attorney and, therefore, I will dismiss Kuol's complaint without prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).[1]

ENTER: This 25th day of August, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Kuol is attempting to challenge a state criminal conviction, he is advised that such a claim is more appropriately raised in a habeas petition pursuant to 28 U.S.C. § 2254.